UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | MISC. NO. 1:22-mc-19-AJ<br><br>**Filed Under Seal** |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Google, an Internet Service Provider located in Mountain View, CA, to disclose certain records and other information pertaining to the Youtube requested account(s) listed in Attachment A. Google owns and operates the YouTube video channel platform. The records and other information to be disclosed are described in Attachment A to the proposed Order. In support of this application, the United States asserts:

LEGAL BACKGROUND

1. Google is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Google to disclose the items described in Attachment A.

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3.     A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4.     The United States is investigating a series of threats of explosive devices. For example, on March 19, 2022, Portsmouth Police (PPD) received a threat from an unknown male that a "device" had been placed in a trashcan in a public area and would soon go off. While responding officers searched for the device, the unknown male called back and said he could see the PPD officers. Realizing that the unknown male was likely watching PPD over a live stream camera associated with a local business, officers then covered the camera. Ultimately, the New Hampshire State Police bomb squad swept the area and found no evidence of a explosive device.

5.     Subsequent investigation revealed that the live stream of the local business was available via the Google service YouTube. Further investigation revealed that the threat and apparent live stream is part of a pattern of recent similar conduct, including threats handled by the Kennebunkport (Maine) Police Department on or about March 18-19, 2022, the York (Maine) Police Department on or about April 3-4, 2022, and the Palmer (Massachusetts) Police Department on or about both May 3, 2021 and March 5, 2022. The respective YouTube streaming channels are identified in specific detail on Attachment A.

REQUEST FOR ORDER

6.  The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that Google be directed to produce all items described in Attachment A to the proposed Order.

7.  The United States further requests that the Order require Google not to notify any person, including the subscribers or customers of the account(s) listed in Attachment A, of the existence of the Order until one year from the date of the Order. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, intimidate potential witnesses, or endanger the life or physical safety of an individual. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects

under investigation could destroy that evidence, including information saved to their personal computers.

8.  The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

                                                Respectfully submitted,

                                                JOHN J. FARLEY
                                                UNITED STATES ATTORNEY

Dated: April 15, 2022                      /s/ Charles Rombeau
                                                Charles Rombeau
                                                Assistant United States Attorney
                                                State Bar # NY 4326500
                                                53 Pleasant Street, 4th floor
                                                Concord, NH  03301

UNITED STATES DISTRICT COURT
FOR THE NEW HAMPSHIRE

|   |   |
|---|---|
| IN RE APPLICATION OF THE ) <br> UNITED STATES OF AMERICA FOR ) <br> AN ORDER PURSUANT TO ) <br> 18 U.S.C. § 2703(d) ) <br> ) | MISC. NO. 1:22-mc- 19-AJ <br><br> **Filed Under Seal** |

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Google, an electronic communications service provider and/or a remote computing service located in Mountain View, CA, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Google shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED that Google shall not disclose the existence of the application of the United States, or the existence of this Order of the Court, to the subscribers of the account(s) listed in Attachment A, or to any other person, until one year from the date of this Order, except that Google may disclose this Order to an attorney for Google for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

_____                                                             _____
Date                                                                            Andrea K. Johnstone
                                                                                United States Magistrate Judge

## ATTACHMENT A

You are to provide the following non-content information in electronic format to Special Agent Rebecca Preston of the Federal Bureau of Investigation:

A list of accounts ("Requested Accounts") that viewed and/or interacted with the YouTube URL (the "Target URL") listed below during the time frame listed below.

| URL | Time Frame |
| --- | --- |
| https://www.youtube.com/watch?v=F5spMfYswHY | May 3, 2021 from 01:00 ET to 05:00 ET |
| https://www.youtube.com/watch?v=F5spMfYswHY | March 5, 2022 from 21:00 ET to 23:59 ET |
| https://www.youtube.com/watch?v=mfai4JPF5K4 | March 18, 2022 from 19:00 ET to 23:00 ET |
| https://www.youtube.com/watch?v=mfai4JPF5K4 | March 19, 2022 from 20:00 ET to 23:00 ET |
| https://www.youtube.com/watch?v=mfai4JPF5K4 | April 3, 2022 from 19:00 ET to 21:00 ET |
| https://www.youtube.com/watch?v=sLSPjF2BgFE | March 19, 2022 from 20:00 ET to 23:00 ET |
| https://www.youtube.com/watch?v=4Ydhiw8I9Ao&t=0s | April 4, 2022 from 18:00 ET to 21:00 ET |
| https://www.youtube.com/bostonandmainelive | May 3, 2021 from 01:00 ET to 05:00 ET<br><br>March 5, 2022 from 21:00 ET to 23:59 ET<br><br>March 18, 2022 from 19:00 ET to 23:00 ET<br><br>March 19, 2022 from 20:00 ET to 23:00 ET<br><br>April 3, 2022 from 19:30 ET to 21:00 ET<br><br>April 4, 2022 from 18:00 ET to 21:00 ET |

For each of the Requested Accounts please provide:

1) All Dates/Times the Requested Accounts viewed and/or interacted with the Target URL

2) All subscriber identifying information, including, but not limited to:

   a. name
   b. username or other subscriber identity or number
   c. address
   d. primary and alternate telephone numbers
   e. primary and alternate email addresses
   f. date of birth
   g. social security number
   h. any temporarily assigned network address
   i. MAC address
   j. Browser and operating system information

3) Records of session times and durations and any IP addresses used by the subscriber(s) at the beginning, end, and at any time during these sessions;

4) Length of service (including start date) and types of service utilized;

5) Means and source of payment for services (including any credit card or bank account number);

6) Account notes and logs, including any customer-service communications or other correspondence with the subscriber; and

7) Investigative files or user complaints concerning the subscriber, account, or email address.

8) Device Information. Any information identifying the device or devices used to access each of the Subject Accounts, including a device serial number, a GUID or Global Unique Identifier, a phone number, serial numbers, MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifiers ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"), and any other information regarding the types of devices used to access each of the Subject Accounts;

9) Information Regarding Linked Accounts, Including Accounts Linked by Cookie. Any information identifying accounts that are associated or connected to the Subject Accounts, including specifically by Cookie, email account, phone number, Google Account ID, Android ID, or other account or device identifier.

SA Rebecca Preston 750 Exeter Road, Hampton, NH 03842; 603-422-0500 (office); or rjpreston@fbi.gov (email)
**PLEASE PROVIDE IN ELECTRONIC FORMAT IF POSSIBLE**

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by Google, and my title is _____. I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of Google. The attached records consist of _____ _____ [generally describe records (pages/CDs/megabytes)]. I further state that:

   a.   all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of Google, and they were made by Google as a regular practice; and

   b.   such records were generated by an electronic process or system of Google that produces an accurate result, to wit:

      1.   the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of Google in a manner to ensure that they are true duplicates of the original records; and

      2.   the process or system is regularly verified by Google, and at all times pertinent to the records certified here the process and system functioned properly and normally.

   I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____   _____
Date                            Signature